UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

UNITED STATES OF AMERICA,    :

       -against    :    **ORDER**

POSR. A POSR.,    :    04 Cr. 1033 (FM)

       Defendant.    :

---------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

       On July 27, 2005, after a three-day trial, defendant Posr A. Posr was convicted of assaulting a federal officer, in violation of Title 18, United States Code, Section 111. At the trial, Posr represented himself, with the assistance of Robert M. Baum, Esq., who was appointed to serve as his attorney-advisor.

       On September 6, 2005, Posr moved to dismiss the complaint in this action for lack of jurisdiction. (Docket No. 38). In his motion papers, Posr raises a number of legal issues.

       Posr's original memorandum of law indicates that he seeks the dismissal of the complaint in this case because it fails to contain facts sufficient to establish that he committed the offense charged. (Id.). After the Government submitted its opposition papers, Posr filed reply papers, styled as a "Motion to Consider [Posr's] Motion to Dismiss the Complaint as a Motion to Dismiss the Information." (Docket No. 42). In the latter motion, Posr contends that "since perjury was the basis of the complaint and the complaint was the basis of the Information and the Information superseded the complaint, the Information must be dismissed." (Id. at 2).

       Pursuant to Rule 12 of the Federal Rules of Criminal Procedure, a defendant alleging a defect in an indictment or information or in the manner in which a prosecution was commenced, must file his motion prior to trial. See Fed. R. Crim. P. 12(b)(3)(A), (B). Here, Posr's motions were filed after the trial and allege defects both in the pleadings and in the manner in which the prosecution was commenced. Accordingly, his motions are time-barred.

Even if the Court were to address the merits of Posr's two motions, Posr would not be entitled to any relief. At the outset, whatever problems may have existed with respect to the complaint became moot once the criminal information was filed since the complaint then became a nullity. See Fed. R. Crim. P. 12(a) ("The pleadings in a criminal proceeding are the indictment, the information, and the pleas of not guilty, guilty, and nolo contendere."); United States v. Female Juvenile, A.F.S., 377 F.3d 27, 36 (1st Cir. 2004) (complaint is superseded by information and thus no longer exists); see also United States v. Funk, 412 F.2d 452, 455 (8th Cir. 1969) (indictment supersedes criminal complaint and an information is an appropriate substitute for an indictment).

Additionally, during the trial, Posr moved to dismiss the information on the theory that his "arrest and detention were based on a false complaint, and if the complaint is based solely on written reports and not personal knowledge, it would have been insufficient as a charging document." (Tr. 244). That motion was denied. Posr's papers do not suggest any reason why this earlier ruling should be reconsidered.

To be sufficient, an indictment or information need only state the elements of the offense, apprise the defendant of the charges against him, and be detailed enough to avoid potential double jeopardy issues. See Russell v. United States, 369 U.S. 749, 763-64 (1962); see also United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992) ("An indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events."). A charging instrument which tracks the statutory language and states the time and place of the offense in approximate terms – as the information in this case does – meets these requirements. See United States v. Tramunti, 513 F.2d 1087, 1113 (2d Cir. 1975); United States v. Salazar, 485 F.2d 1272, 1277 (2d Cir. 1973).

In 27 pages of single-spaced text, Posr also has posited other reasons why his prosecution was improper. Among other things, he contends that Local Civil Rule 1.8, which deals with cameras in the courts, prevented him from "marshalling graphic 'smoking gun' evidence of the hearsay complaint's affiant's non-verbal communication of the unpersuasiveness of the hearsay complaint at arraignment." (Docket No. 38 at 24). He also contends that "the hearsay complaint itself constituted a Crawford violation." (Id.).

As to the first of these assertions, except insofar as it may have been used for impeachment purposes, the complaint in this case was of no consequence by the time of the trial. Insofar as it was used for impeachment, Posr was able to show that the witness who swore to the complaint mischaracterized the source of certain of the information therein set forth. (See Tr. 213). Posr has not shown that a videotape of the

complainant being sworn would have had any greater impact on the jury than the use of the complaint's written text, that he sought to videotape his presentment, or that the Constitution requires that he be allowed to make such a videotape or use it in court. There consequently is no merit to this claim.

There also is no Confrontation Clause issue in this case because the law enforcement official who swore to the complaint, Special Agent John W. Matusz, was a witness at trial. See Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004) ("The [Confrontation] Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.").

Finally, while Posr's lengthy papers are not a model of clarity, I have reviewed them in considerable detail. Based on that review, I do not believe that Posr has advanced any other potentially meritorious claims.

For these reasons, Posr's post-trial motions to dismiss the complaint and information (Docket Nos. 38, 42) are DENIED.

SO ORDERED.

Dated: New York, New York
December 23, 2005

FRANK MAAS
United States Magistrate Judge

Copies to:

Posr. A. Posr, Pro Se
434 West 163rd Street. Apt. #24
New York, New York  10032

Michael English, Esq.
Assistant United States Attorney
One Saint Andrew's Place
New York, New York  10007
Via Facsimile @ (212) 637-2527

Robert M. Baum, Esq.
Federal Defenders of New York, Inc.
52 Duane Street, 10th Floor
New York, New York  10007
Via Facsimile @ (212) 517-0392