USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

       -against-                                 04 Crim. 1033 (LAK)

POSR A. POSR,

                          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM ON CERTIFICATE OF CONTEMPT

LEWIS A. KAPLAN, *District Judge.*

On October 24, 2006, the Court executed a certificate of contempt certifying its determination on March 6, 2006 that the defendant committed criminal contempt of Court and sentenced him to a term of imprisonment of 21 days.  The purpose of this memorandum is to set forth relevant background and to address certain points that, although not raised by the defendant, have been considered by the Court in taking this action.

      1.      In this case, defendant was charged in an information with assaulting a federal officer on June 22, 2004.[1]  In substance, the government contends that defendant tried to bring a

---

[1]    This is not the defendant's first brush with the law, many in similar circumstances.  A review of published decisions alone reveals that in February 1987, he allegedly was involved in an altercation with police officers. *See Posr v. City of New York*, 835 F. Supp. 120 (S.D.N.Y. 1993).  He was charged with a rape allegedly committed in 1993, although he was acquitted. *See Posr v. Maldonado*, No. 95 Civ. 10118 (DC), 1996 WL 520889 (S.D.N.Y. Sept. 12, 1996).  In 1996, he was arrested by a New York State court officer for his behavior when he allegedly insisted on bringing a bicycle pump into a state court in defiance of instructions that it could not be brought into the building. *See Posr v. New York State Court Officer*, No. 96 Civ. 5200 (CLP), 2006 WL 656985 (E.D.N.Y. Mar. 13, 2006).  On May 11, 1998, he was arrested for conduct related to his alleged attempt to bring a video camera into the New York Family Court. *See Posr v. Killackey*, No. 01 Civ. 2320 (LTS), 2003 WL 22962191 (S.D.N.Y. Dec. 17, 2003).  On December 11, 1998, he was arrested for allegedly refusing to comply with an order to move out of an area in the New York City Criminal Court that

video camera into the Lynne Stewart trial in defiance of court rules and signs in the courthouse prohibiting the introduction of cameras.  When he was told by a court security officer ("CSO") to check the camera, the defendant allegedly engaged in a physical altercation with the CSO.

The case originally was tried before Magistrate Judge Frank Maas and a jury. Defendant was convicted and sentenced in principal part to 6 months imprisonment.  He thereupon filed a notice of appeal to the district court.

At that point, Magistrate Judge Maas learned that the defendant had not previously waived his right to be tried before a United States District Judge.[2]  A few days later, the judgment of conviction was vacated.[3]  The case thereupon was assigned to the undersigned.

Defendant appeared for the first time before the undersigned on March 6, 2006, which was the occasion on which the contempt was committed.  When the clerk called the case, the defendant announced an appearance as "Posr Amojo Posr attorney of record."  When the Court inquired as to whether the defendant was an attorney, he responded, "Yes, I am" and proceeded to state that he was admitted to practice in the State of New York.

The Court then pursued the matter in order to determine whether the defendant really was admitted to practice law or whether, instead, he lacked a license and therefore should be given the appropriate cautions given to defendants in criminal cases concerning their right to counsel, the inadvisability of proceeding without an attorney, and the like.  But the defendant then embarked on

---

was reserved for attorneys and police officers. *See Posr v. Dolan,* No. 02 Civ. 0659 (LBS), 2003 WL 22203738 (S.D.N.Y. Sept. 23, 2003).

[2]

*See* docket item 54.

[3]

Docket item 55.

an attempt to evade the issue:

> THE COURT:          Were you ever admitted to practice by any court?
>
> MR. POSR:          No.   Well, yes – well what's – how is the court defining
>
> admitted to practice?

From that point onward, the defendant, both while standing in the well of the Court and while under

oath on the witness stand, engaged in a studied refusal to provide information in response to direct

questions as to whether he was licensed to practice law.   His chosen means included evasive,

unresponsive and, in some instances, patently false answers to questions.   While the Court ultimately

elected not to press contempt determinations based upon false or merely unresponsive answers, it

did conclude that defendant should be sentenced for his deliberate failure to give responsive answers

following direct court orders that he do so.   Accordingly, the Court, acting pursuant to Fed. R. Crim.

P. 42(b), found him in criminal contempt of court.

As the Supreme Court has held, a face to face refusal to comply with a court's order

to testify is punishable summarily under Rule 42(b).[4]   And it has been beyond serious question since

even before Judge Learned Hand's famous decision in *United States v. Appel*,[5] that evasive and

unresponsive testimony is tantamount to a refusal to answer and punishable as criminal contempt

of court.[6]

---

[4]

> *United States v. Wilson*, 421 U.S. 309, 316 (1975) (discussing summary contempt as Rule 42(a) under prior numbering scheme).

[5]

> 211 F. 495 (S.D.N.Y. 1913).

[6]

> *See also, e.g., In re Weiss*, 703 F.2d 653, 662-64 (2d Cir. 1983) (collecting cases).

4

2.      Although this Court cited the defendant for criminal contempt upon the occurrence of the contumacious behavior on March 6, 2006, it did not immediately impose punishment. The delay in doing so affords no defense to the accused.

To begin with, the defendant's bizarre and self-destructive behavior raised a substantial question in the Court's mind as to the defendant's competence and sanity. It therefore ordered a competency examination.[7] Following that determination, both the government and the defendant requested that sentencing on the contempt citations be held in abeyance.[8] Indeed, the defendant argued that sentencing should be deferred because the imposition of sentence might interfere with his ability to prepare for trial.[9] The Court therefore deferred sentencing and the entry of the certificate of contempt until after completion of both the competency examination and the trial.[10]

It would have been improper to sentence a defendant, especially a defendant unrepresented by counsel, while his competency was in issue.[11] Accordingly, the interval from

---

[7]

Tr., Mar. 6, 2006, at 21-22.

[8]

*Id.* at 22-23.

[9]

*Id.*

[10]

The competency examination was not completed until approximately August 2006. *See* docket item 77. Defendant was not found competent to stand trial until September 5, 2006. Tr., Sept. 5, 2006, at 3.

[11]

*Saddler v. United States*, 531 F.2d 83, 86, 87 (2d Cir. 1976) (holding "the court should not proceed with sentence unless the defendant is mentally competent" and instructing that, where the court has reason to doubt defendant's competency at sentencing, "[t]he proper course is to defer sentencing, pending the conduct of a court-ordered [psychiatric] examination and hearing to ascertain his capacity to proceed"); *see also Pate v. Robinson*, 383 U.S. 375 (1966).

March 6, 2006 until September 5, 2006 is beyond serious question.

The Court's decision to defer sentencing on the contempt citations from September 5, 2006 until the completion of the trial on October 19, 2006 also is unobjectionable. Defendant had argued that sentencing should be held in abeyance because the imposition of sentence could interfere with his ability to prepare for trial. Finally, the delay from October 19, 2006 until October 24, 2006 was at the request of the defendant so that he could prepare to be heard on the sentencing.[12]  In any case, an interval between the citation of a defendant for a contempt committed in the presence of the Court and the filing of the certificate and the sentencing is not an infirmity.[13]

SO ORDERED.

Dated:          October 25, 2006

Lewis A. Kaplan
United States District Judge

---

[12]      Tr., Oct. 19, 2006, at 314.

[13]      See Sacher v. United States, 343 U.S. 1 (1952); see also Pounders v. Watson, 521 U.S. 982 (1997) (citing Sacher approvingly and upholding summary contempt sentence served after trial ended and at least two and one-half weeks after the contumacious conduct).