UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                -against-                                       04 Crim. 1033 (LAK)

POSR A. POSR,

                              Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

LEWIS A. KAPLAN, *District Judge.*

        On October 19, 2006, defendant was convicted by a jury of one count of assault on a federal officer in violation of 18 U.S.C. § 111, remanded, and is awaiting sentencing.  In *pro se* papers dated November 18, 2006, he moves, pursuant to Fed. R. Crim. P. 34, to arrest judgment, claiming that this Court lacked jurisdiction to try him, essentially because – in his view – an appeal from a judgment convicting him of this offense after a prior trial remained pending before another judge of this Court.

        The motion is both untimely and without merit.

*Facts*

        Posr was charged in a complaint filed June 22, 2004 with assaulting a federal officer as a result of an altercation he provoked with a court security officer when he was caught trying to smuggle a video camera into the Lynne Stewart trial.  A misdemeanor information was filed on September 20, 2004, and the case was assigned to Magistrate Judge Frank Maas.  Unbeknownst to

Judge Maas, Posr evidently had not been advised, as required by 18 U.S.C. § 3401(b), of his right to be tried before a district judge and did not consent to a trial before a magistrate judge.

The case ultimately proceeded to trial before Judge Maas and resulted in a jury verdict of guilty on July 27, 2005.  On February 23, 2006, Posr was sentenced principally to a term of imprisonment of 6 months.  He immediately filed an appeal which, under Fed. R. Crim. P. 58(g), was an appeal to a district judge.  It was assigned to Judge McKenna.

On the following day, February 24, 2006, the fact that Posr had not consented to a trial before a magistrate judge came to the attention of Judge Maas, who entered an order reciting that fact and scheduling a conference for the afternoon of February 28.

At that point, it appears that Posr in some way made Judge Maas's order for the conference known to Judge McKenna[1] and sought a ruling from Judge McKenna that he was not obliged to appear before Judge Maas.[2]  Judge KcKenna conferred with the parties and declined to excuse Posr from appearing before Judge Maas.   In the course of the proceedings, Judge McKenna said that he agreed with Judge Maas that the conviction could not stand in the absence of consent by Posr and indicated that Judge Maas intended to ask Posr if he wished "to preserve the status quo as to everything that happened before Judge Maas, or if he wishe[d] to proceed before a district judge which is his right, in which case a [*sic*] the case will be assigned to the district judge in the normal

---

[1] There is reference in a transcript to a petition, but none appears on the docket sheet.

[2] Tr., Feb. 28, 2006, at 2.

course."[3]   Posr then indicated that he felt that Judge McKenna should keep the case.[4]   Judge McKenna declined to do so, noting that if Posr elected to have a trial before a district judge, the trial judge would have to be assigned randomly.[5]

A few moments later, Judge McKenna reiterated that he saw no reason for Posr not to appear before Judge Maas and his understanding that Judge Maas would give Posr the choice of accepting the judgment already reached or a new trial before a district judge, who would be selected at random.[6]   He then said, "We are trying to straighten out a mistake.  The way to deal with it is by going to Judge Maas.  You can stay with what he has done if you wish.  You don't have to; you certainly don't have to.  That does not consent to any jurisdiction by Judge Maas to try you again. He will give you an opportunity to elect to proceed before a district judge and see who the district judge it is assigned to at random."[7]   Judge McKenna then sent Posr and his legal adviser to see Judge Maas.[8]

The parties appeared before Judge Maas on March 1, 2006 at which time Judge Maas presented to Posr the options of which Judge McKenna already had advised him.  Posr refused to

---

[3]      *Id.* at 3.

[4]      *Id.* at 4-5.

[5]      *Id.*

[6]      *Id.* at 7-8.

[7]      *Id.* at 12.

[8]      *See id.* at 13.

4

accept the judgment already entered and thus to waive his right to a trial before a district judge. Accordingly, the matter was returned to the magistrate's court and wheeled out to the undersigned.

After unduly protracted proceedings, Posr was convicted on October 19, 2006 following a jury trial before the undersigned. He again appeared before the Court on October 24, 2006 for sentencing on a contempt adjudication relating to an occurrence prior to trial. At that time, he asked "for a 3–day extension of time on the Rule 29 motion." The Court granted that motion.[9]

*Discussion*

*Timeliness*

Fed. R. Crim. P. 34 provides that a motion to arrest judgment must be filed within seven days after the court accepts a verdict or finding of guilty or within such further time as the court sets during the seven day period. Fed. R. Crim. P. 34(b). In this case, the period expired seven days after October 19, 2006 – giving effect to Rule 45(a)(2), on October 30, 2006. In consequence, even treating Posr's motion as having been made on the date it bears (which assumes that it was placed in the hands of prison authorities for mailing on that date), the motion is almost three weeks late. It therefore must be denied.[10]

---

[9]   Tr., Oct. 24, 2006, at 2.

[10]   Even assuming that the Court might excuse the late filing, which is quite doubtful in light of Rule 45(b)(2)'s prohibition on extending the time for action under Rule 34 except as stated in that rule, there would be no reason to do so here. Posr insisted on proceeding *pro se* in the face of repeated warnings of the inadvisability of doing so. He was advised throughout, whenever he sought their advice, by attorneys from the firm of Latham & Watkins. His having missed the deadline here was not a product of an innocent mistake by an uneducated litigant forced to proceed without counsel.

*The Merits*

Although the motion is denied as untimely, the Court notes also that it is devoid of merit.

Posr is correct that his appeal from the judgment was pending before Judge McKenna at the time Judge Maas vacated the judgment.  His assertion that this Court lacked jurisdiction therefore implicitly rests on the proposition that the filing of the notice of appeal vested jurisdiction in the district court and ousted Judge Maas of any authority to vacate the judgment.

To be sure, "[t]he filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."[11]  As the Court of Appeals has said however, "[t]he divestiture of jurisdiction rule is . . . not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'"[12]  The touchstone is efficiency.[13]

Even if one assumed that the principles governing the jurisdictional significance of the filing of a notice of appeal from a district court order or judgment to a court of appeals applies to a notice of appeal from a magistrate judge's order or judgment to a member of the district court in which the magistrate judge sits, the pendency of the appeal before Judge McKenna did not oust

---

[11]  *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982), *quoted in United States v. Rodgers,* 101 F.3d 247, 251 (2d Cir.1996).

[12]  *Rodgers*, 101 F.3d at 251 (quoting *United States v. Salerno,* 868 F.2d 524, 540 (2d Cir. 1989).

[13]  *Id.*

6

Judge Maas of jurisdiction to vacate the judgment in the circumstances of this case.  The record demonstrates that Judge McKenna knew what Judge Maas intended to do and why he intended to do it and that Judge McKenna was in full agreement.  As a court of appeals having jurisdiction over an appeal may consent to the district court vacating an order that is the subject of a pending appeal,[14] Judge McKenna and Judge Maas certainly acted appropriately here in every respect.  And clearly no rights of Posr were infringed.  Judge McKenna had made clear that he would have vacated the judgment had Judge Maas not done so and that the case then would have been wheeled out to a district judge.  Posr's position therefore would exalt form over substance with no compensating benefit.

*Conclusion*

Defendant's motion, pursuant to Fed. R. Crim. P. 34, to arrest judgment is denied on the ground that it is untimely.  Even if it were timely, it would be denied on the merits.

SO ORDERED.

Dated:          November 22, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)

---

[14] *E.g., United States v. Camacho,* 302 F.3d 35, 37 (2d Cir. 2002); *King v. First American Investigations, Inc.,* 287 F.3d 91, 94 (2d Cir,. 2002); *Toliver v. County of Sullivan,* 957 F.2d 47, 49 (2d Cir. 1992)