UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,

        -against-                                               04 Crim. 1033 (LAK)

POSR A. POSR,

                                      Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Although this case is assigned to and was tried before the undersigned, defendant, by notice of motion dated January 22, 2007, purports to move Judge McKenna to delay sentencing for two months, to remove Toni Messina, Esq., as his court-appointed attorney adviser, and for a new prosecutor.

*Background*

       Defendant was charged with assaulting a federal officer, tried in 2005 before Magistrate Judge Maas, and convicted. The conviction was vacated when (1) Judge Maas discovered that defendant had not been told of his right to a trial before an Article III judge, and (2) defendant refused to waive the point. Accordingly, the case was wheeled out to the undersigned for retrial.

       Defendant, as he had at the first trial, insisted upon representing himself. As at the first trial, he also had a court-appointed legal advisor, this time Alexandra Shapiro, Esq., of Latham & Watkins.[1]

       On October 16, 2006, the last business day prior to trial, the defendant announced that he just had learned that the wife of AUSA Lavigne, who had just joined the government's team, worked at Latham & Watkins. He sought appointment of a new attorney-advisor. Inquiry revealed that Mrs. Lavigne is a junior corporate associate at that firm, that she had nothing to do with this case, and that the firm's ethics committee had concluded that there was no conflict. In the circumstances, the Court denied defendant's motion for the assignment of a new attorney adviser.

---

[1] With leave of the Court, Ms. Shapiro was not present at trial and certain other proceedings, which were handled by two other Latham & Watkins lawyers.

2

Defendant went forward *pro se* and was convicted on October 19, 2006. On November 14, 2006, at defendant's request, the Court relieved Latham & Watkins and appointed Ms. Messina.

On November 29, 2006, the Court adjourned the sentencing, at defendant's request, until January 4, 2007. Five days later, it denied defendant's request to replace Ms. Messina, which was grounded on frivolous contentions that he did not believe her statement that she had misplaced a document, that she attempted to dissuade him from filing certain motions, and that she "apparently" had not obtained her predecessor's files.

On January 4, 2007, defendant again appeared before the Court. He then claimed that he had received the presentence report only moments before. In fact, however, it developed that he had had the presentence report since some time in 2005 or early 2006, as it had been prepared after his conviction for this offense in a prior trial that later was set aside. All he had received only recently was a brief addendum. In any case, the Court granted his request to adjourn the sentencing, this time until January 26, 2007. It denied another application by defendant to remove Ms. Messina.

*The Present Motion*

As a preliminary matter, the Court notes that defendant's attempt to bring this matter on before Judge McKenna is misguided. While the Court understands that defendant contends that Judge McKenna has jurisdiction because defendant appealed the conviction at his first trial and the appeal was assigned to Judge McKenna, the contention is frivolous. The first conviction was vacated and, as Judge McKenna agreed was the appropriate course, wheeled out to a new judge, who turned out to be the undersigned, for retrial. The motion therefore is properly before the undersigned, not Judge McKenna.

*Appointment of Counsel*

Defendant's latest application to remove Ms. Messina is grounded on the unsubstantiated assertion that she failed to inform him that the Probation Department, which had interviewed defendant after the first trial, did not intend to reinterview him after the second. There is, of course, no evidence that Ms. Messina knew any such thing. In light of the fact that Rule 32 does not require a second presentence interview, any such failure in any case would have been harmless. There simply is no basis for removing her. Particularly in view of defendant's succession of court-appointed advisers, there is no justification with saddling the public with the cost of having yet another lawyer become familiar with a now extensive record, which includes two trials.

*Disqualification of AUSA*

The assertion that a new prosecutor should be assigned is, if anything, less meritorious.

Defendant now seeks to pour the old wine of his pretrial attempt to knock Latham & Watkins out of the case into a new bottle by contending that the AUSA should be disqualified. This relief just as well could have sought prior to the second trial. Hence, the application is untimely. But it is also baseless.

To be sure, a government employee in some circumstances is prohibited from participating in a judicial proceeding in which his or her spouse has a financial interest. 18 U.S.C. § 208(a). Moreover, there circumstances may occur in which the participation of a prosecutor in a proceeding from which the prosecutor or his or her spouse might derive some benefit would implicate the Due Process Clause. But that patently was not the case here.[2] *See, e.g., United States v. Tierney,* 947 F.2d 854, 864-65 (8th Cir. 1991). There is no reason to suppose that Mrs. Lavigne had any interest, financial or other, in this case. Nor is there any basis to suppose that she ever knew, let alone conveyed, any confidences of the defendant to the prosecution.

*Adjournment of Sentencing*

Defendant now has had three and one-half months since his conviction to prepare for sentencing. He has had the entire presentence report, save the brief addendum of late 2006, throughout that period and the addendum for just under one month. His claim that he had been able to read only as far as page 5 of the report is preposterous, especially as the presentence report, in the portion prepared long ago, reflects extensive comments and objections by defendant. His suggestion that he needs more time to do research on whether he has a Fourteenth Amendment right to a new presentence interview is unpersuasive. The Court afforded the defendant the opportunity to submit, by January 19, 2007, anything that he thinks is relevant to sentencing (following which the Court would decide if another interview is appropriate), but defendant submitted nothing. Tr., Jan. 4, 2007, at 10. Nevertheless, there is no harm in giving defendant the time he seeks. He is incarcerated pending sentence. The longer he puts off sentencing, the longer he postpones the entry of judgment and thus his right to appeal.

*Conclusion*

Defendant's motion, dated January 1, 2007, is granted to the extent that sentencing

---

[2]. This relief
   It should be noted also that Mr. Lavigne appears first to have come into the case at the second trial.

4

is adjourned until April 4, 2007 at 4:30 p.m. It is denied in all other respects. In view of the fact that this case is assigned to the undersigned, defendant is directed to address all applications for relief in this case to the undersigned.

   SO ORDERED.

Dated:  February 1, 2007

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)